Totten, J.,

delivered the opinion of the court.
*435 This action in debt for $1167 86 was instituted in the circuit court of Davidson, by Brown & McCullough, against "Win. L. Brown, the defendant below. The debt is for materials furnished, and work and labor done by the defendants in error, as mechanics^ in building a #house for the plaintiff in error, on his land in the vicinity of Nashville. The suit was commenced by attachment issued by the clerk of said court, and levied on said land and premises, to enforce the me-chamos lien for the payment of said debt. No process was served on the person of the defendant: he did not appear, and judgment by default for the amount of said debt was taken against him.
The case is in this court by writ of error, issued at the suit of the defendant.
It is now argued, that the judgment by default is void, because the defendant below had no personal notice of the suit.
It is a general principle, founded in reason and justice, that if a defendant have no notice of the suit, and did not appear, the court has no jurisdiction over his person, and its judgment against him .in such case is merely void. Bridgeway vs. Bank of Tennessee, 11 Humph. R., 523. Burden vs. Fitch, 15 Johns. R., 140. Buchanan vs. Rucker, 9 East, 192. And therefore, the judgment of another State of the union, or of a foreign State, rendered in a case where the defendant was not duly notified to appear, and be subject to the jurisdiction of the court, or founded on the process of attachment, is of no force or effect in this State. Earthman vs. Jones, 2 Yerg. R., 484.
But the process of attachment, authorized by law, *436 may be the foundation of a judgment, deemed valid in the State where it is rendered, and being a proceeding in rem, its effect is to subject the property attached to a judicial sale for the satisfaction of the plaintiff’s demand.
Considered as an original process, the attachment lies against non-residents and persons who in the cases specified, absent themselves, or remove their property from the jmisdiction of the court. Act 1794, ch. 1. 1843, ch. 29.
Thege acts, however, do not aid the present case: The defendant is a local citizen, he does not absent himself or remove his property from the jurisdiction of the court, and may be personally summoned- to mate defence, if any he have, against the plaintiff’s demand.
The present attachment, states no case provided for in our statutes, where it can be considered as an original process to cause the defendant to appear and answer the plaintiff’s suit. It states the case of a mechanic’s lien, and its appropriate function is to enforce the lien, and not the appearance of the defendant.
The lien given to mechanics, “may be enforced by attachment, either at law or in equity:” Act 1846, ch. 118. And in Barnes vs. Thompson, 2 Swan R., 314, it was field, in conformity to the statute, that the attachment was the only remedy to enforce the lien. We think it clear, that the attachment, which secures and enforces the mechanic’s lien, must be considered as auxiliary and collateral to the original process, which compels the appearance of the defendant. He must have a day in court to make his defence, for the matter in contest is the justice of the plaintiff’s demand, *437 that being settled, tbe lien is a matter of course. Assuming this to be . a correct principle, the practice under it is simple and convenient. The defendant must be summoned to answer the plaintiff’s suit, whether the proceeding be at law or in equity; unless it be a case proper for an original attachment, considered as the leading process, to compel the defendant to appear, then of course, the usual attachment will issue. And if the plaintiff desire to secure and enforce his lien, for the satisfaction of the judgment to be rendered in the case, he must also cause an attachment to be levied on the property, as auxiliary to the leading process in the suit, or we see no objection to its being incorporated with the leading process, so that it distinctly appear and be levied on the property. ¥e think it clear, that any court having jurisdiction of the matter in litigation, has power also to issue the attachment as a justice of the peace, the circuit court or chancery court conforming to its course of proceeding. Being in aid merely of the ordinary remedy by suit, the attachment must follow it, and be- issued from the same court which has jurisdiction of the plaintiff’s demand, conforming at the same time to the usual conditions, as to the affidavit, bond, &c., on which the attachment is issued. Thus, if the suit be instituted by summons, in the circuit court, the clerk who is the proper officer to issue the process of that court, must have power also, to grant and issue the attachment, in order that there may be remedy for the right of lien given by the statute.
As to the power of the clerk to administer the oath for attachment, it must be considered under the statute, as conferred by implication. •
*438 But if it were not, the Act of 1850, eb. 103, § 2, confers general power on tbe clerk to administer an oath £‘in any matter connected with any suit in said court.”
In the present case, as the court had acquired no jurisdiction of the defendant’s person, its judgment was void. It will therefore be arrested and annulled by the judgment of this court.
Judgment arrested.